■ In the Matter of SELTEL, INC., Respondent, v DONNA CHOY, Appellant. [666 NYS2d 917] —Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered June 11, 1996, awarding petitioner employer damages against respondent employee in the principal amount of $16,250.38, and bringing up for review a prior order, same court and Justice, entered on or about May 15, 1996, which granted petitioner's application to confirm an arbitration award and denied respondent's cross motion to vacate the award, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered May 15, 1996, unanimously dismissed, without costs, as subsumed within the appeal from the judgment.

Petitioner brought the arbitration pursuant to a broad arbitration clause to enforce a provision in the parties' employment contract requiring respondent to pay petitioner $40,000, described in the contract as representing the cost to petitioner of training respondent, if respondent, as she did, left petitioner's employ within a certain period of time to take a job with a competitor of petitioner located within a certain radius of petitioner. It does not avail respondent to argue that the subject contract provision is a liquidated damage clause that, as a matter of New York substantive law, is unenforceable absent proof of petitioner's actual loss (*see, Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 307-308). Moreover, inasmuch as the amount of damages awarded to petitioner is significantly less than the $40,000 set forth in the subject contract provision and demanded by petitioner, it appears that the arbitrator was quite receptive to respondent's argument, fashioning an award meant to avoid the injustice of enforcing a penalty. Nor can we say, after examining both the employment contract and the award on their faces, and without engaging in extended fact finding or legal analysis, that public policy precludes enforcement of this award (*see, Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 631). We have considered respondent's remaining contentions and find them to be without

merit. Concur—Sullivan, J. P., Rosenberger, Andrias and Colabella, JJ.